# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3251 | **DATE** | December 14, 2001 |
| **CASE TITLE** | Chicago Printing Co. v. Heidelberg USA, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendant's motion to strike paragraphs 30-37 of the amended complaint [21-1] is granted in part and denied in part. Plaintiff's motion to strike defendant's "other defenses" [22-1] is granted. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | **DEC 2 1 2001** | 31 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | 01 DEC 20 PM 4: 31 | docketing deputy initials | |
| | Mail AO 450 form. | | 9/17/01 | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
DEC 21 2001

| | | |
|---|---|---|
| CHICAGO PRINTING COMPANY,<br>an Illinois corporation, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | No. 01 C 3251 |
| HEIDELBERG USA, INC.,<br>a Delaware corporation, | ) <br> ) <br> ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the court are two motions: (1) defendant's motion to strike paragraphs 30-37 of the Amended Complaint; and (2) plaintiff's motion to strike defendant's "other defenses." For the reasons stated below, defendant's motion is granted in part and denied in part, and plaintiff's motion is granted.

## BACKGROUND

This is an action brought by plaintiff Chicago Printing Company ("Chicago Printing") against defendant Heidelberg USA, Inc. ("Heidelberg") for fraudulent misrepresentation (fraudulent inducement) and negligent misrepresentation in connection with Chicago Printing's purchase of a used printing press from Heidelberg.

We outlined the facts of this case in our memorandum opinion dated September 17, 2001, denying defendant's motion to dismiss the

complaint. Thereafter, plaintiff filed an Amended Complaint. Defendant filed an Answer, and moves to strike paragraphs 30-37 of the Amended Complaint. Plaintiff moves to strike those paragraphs of the Answer captioned "Other Defenses."

## DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike and provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although motions to strike are generally disfavored, we address them when "they serve to expedite, not delay." Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). The court has considerable discretion in deciding whether or not to strike an allegation from a complaint. See Khalid Bin Talal Bin Abdul Azaiz Al Seoud v. E.F. Hutton & Co., 720 F.Supp. 671, 686 (N.D. Ill. 1989).

### A. Defendant's Motion to Strike Paragraphs 30-37 of the Amended Complaint

Paragraphs 30 and 31 of the Amended Complaint allege that defendant's statements in court filings (that defendant is a prominent, established manufacturer of printing presses with an outstanding reputation in the printing industry and long-standing relationships with its customers) are false because in 1997 and 1998, defendant defrauded another customer called Motion Envelope,

Inc. Paragraphs 32-37 describe the specific details of that alleged fraud.

Defendant contends that paragraphs 30-37 must be stricken because they are immaterial, impertinent and prejudicial. Plaintiff responds that the fraud alleged in that section of the Amended Complaint is relevant because intent is a "critical issue" in this case, and, under Federal Rule of Evidence 404(b), evidence of prior misconduct is admissible to show intent.

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-08 (2d ed. 1990) (citing cases).

When addressing a motion to strike a portion of a pleading, a court should consider whether there is any possibility that the pleading could form the basis for admissible evidence. See McMurray v. Improvenet, Inc., No. 00 C 7137, 2001 WL 561376, at *5 (N.D. Ill. May 22, 2001) (Grady, J.). We agree with plaintiff that the prior misconduct alleged in the Amended Complaint may be relevant and admissible pursuant to 404(b). Therefore, we will not strike paragraphs 30 and 31, which allege the conduct generally. However, paragraphs 32-37 of the Amended Complaint are statements of unnecessary particulars of the alleged prior fraud. It is not

the function of a complaint to plead evidence. Therefore, those paragraphs will be stricken.

**B.    Plaintiff's Motion to Strike Defendant's "Other Defenses"**

Plaintiff argues that the four "other defenses" set out in the Answer are not true defenses and must be stricken. The "other defenses" state as follows:

1. Chicago Printing purchased a used press, nearly six years old, at a price less than half that of a comparable new press. Chicago Printing personnel certainly understood that they were not buying a new press.
2. The purchase contract expressly provided various exculpatory language regarding the condition and performance of the press, including, <u>inter alia</u>,: "USED EQUIPMENT: All used equipment is sold to buyer <u>AS IS</u> WHERE IS with all faults, unless otherwise indicated." (See, Exhibit 1 to Complaint, p.2, ¶ 3; emphasis in original.)
3. Chicago Printing does not allege in the Complaint any claim for breach of contract because it has none. Chicago Printing's false allegations of misrepresentations by Heidelberg are a transparent attempt to circumvent Chicago Printing's lack of any legitimate cause of action.
4. Prior to buying the press at issue here, Chicago Printing had owned and operated a smaller press; Chicago Printing had no experience operating a press of the size and complexity of the one at issue. In addition, at the time Chicago Printing purchased the press, it simultaneously closed its plant in Chicago and moved its entire operation to the suburbs. Chicago Printing's lack of experience with this type of press and the relocation of its facility substantially contributed to whatever problems it experienced with the press and to its dissatisfaction with the press.

(Answer at 18-19.)    Defendant contends that these are proper defenses.

The four "other defenses" are the same type of matter as discussed <u>supra</u> in relation to paragraphs 32-37 of the Amended Complaint: immaterial in the sense that they offer particulars unnecessary to a pleading. "Defenses should . . . be stricken when their effect is to add unnecessary clutter to a case." <u>Household Fin. Servs., Inc. v. Northeastern Mortgage Inv. Corp.</u>, No. 00 C 0667, 2000 WL 816795, at *1 (N.D. Ill. June 22, 2000) (citing <u>Heller</u>, 883 F.2d at 1295). The statements amount to argument, which is not properly included in a pleading. Accordingly, defendant's "other defenses" will be stricken.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to strike paragraphs 30-37 of the Amended Complaint is granted in part and denied in part. Paragraphs 32-37 of the Amended Complaint are hereby stricken; paragraphs 30 and 31 will stand. Plaintiff's motion to strike defendant's "other defenses" is granted. Paragraphs 1-4 of the Answer under the heading "Other Defenses" are hereby stricken.

DATE:   December 14, 2001

ENTER:   _____
John P. Grady, United States District Judge