# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3251 | **DATE** | June 25, 2003 |
| **CASE TITLE** | Chicago Printing Co. v. Heidelberg USA, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state brief nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss Count II of the complaint [47-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | JUN 27 2003 | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | date docketed | |
| | Docketing to mail notices. | 03 JUN 26 PM 4:37 | | 78 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | FILED-ED 1.0 | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

01-3251.012                                                      June 25, 2003

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
JUN 2 7 2003

CHICAGO PRINTING COMPANY,       )
an Illinois corporation,        )
                                )
            Plaintiff,           )
                                )
        v.                       )    No. 01 C 3251
                                )
HEIDELBERG USA, INC.,            )
a Delaware corporation,          )
                                )
            Defendant.           )

## MEMORANDUM OPINION AND ORDER

The court has under advisement the motion of the defendant to dismiss Count II of the first amended complaint. The ground of the motion is that Count II is governed by the rule announced in Moorman Manufacturing Co. v. National Tank Co., 435 N.E.2d 443 (Ill. 1982), that there can be no recovery for purely economic loss based on negligent misrepresentation unless the defendant "is in the business of supplying information for the guidance of others in their business transactions." Id. at 452. Plaintiff responds that the point has been waived by the defendant's failure to raise it earlier. We reject this argument because it would be inappropriate to allow recovery on a theory that is specifically rejected by Illinois law, if Illinois law governs the case. We will therefore consider defendant's motion on its merits.

Moorman would clearly bar Count II if Illinois law applies, and plaintiff does not argue otherwise. Instead, plaintiff contends that Georgia law applies, by virtue of the choice-of-law provision in the contract. Georgia permits recovery for negligent misrepresentation, whether or not the defendant is in the business of supplying information to others, provided the defendant has "a pecuniary interest" in the transaction concerning which he supplies the information. Robert & Co. Assocs. v. Rhodes-Haverty P'ship, 300 S.E.2d 503, 504 (Ga. 1977).

In our opinion of September 17, 2001, ruling on a motion to dismiss the fraud claim in Count I, we held that Illinois law applies because the contractual choice-of-law provision does not govern pre-contractual fraudulent misrepresentations. We looked to the conflicts law of Illinois and held that Illinois substantive law applies because Illinois had the most significant contacts to the transaction.

Plaintiff argues that we should reconsider that ruling in light of cases holding that, under Illinois law, a choice-of-law provision governs where claims arising out of pre-contractual matters are "closely related to" or "intimately connected with" the parties' contractual relationship. Defendant does not attempt to distinguish the cases cited by plaintiff, but argues that we should adhere to our earlier ruling as "the law of the case."

Rather than relying on the "law of the case," we have considered the merits of plaintiff's argument. We believe that many of the cases relied upon by plaintiff (in the Response at 10-12) are distinguishable because they involved claims for breach of contract (which plaintiff does not allege here), and/or they involved tort claims other than negligent misrepresentation. More importantly, a closer review of the cases reveals that the real question is whether the tort claim at issue requires interpretation of the contract (put another way, whether it arises independently from the contract), rather than the more vague question of whether the tort claim is "related" or "connected" to the contractual relationship. See Boatwright v. Delott, 642 N.E.2d 875, 877 (Ill. App. Ct. 1994) ("[F]orum selection clauses apply to tort claims which require interpretation of the contract."); Mellon Bank, N.A. v. Miglin, No. 92 C 4059, 1995 WL 230492, at *7 (N.D. Ill. Jan. 10, 1995).

As stated in our earlier opinion, plaintiff's negligent misrepresentation claim (as well as its claim for fraudulent inducement) stems from events that occurred prior to the execution of the contract. The tort claims do not require us to interpret the contract and therefore do not arise out of the contract. Accordingly, the Georgia choice-of-law provision in the contract does not apply; rather, Illinois law applies, as set forth in our earlier opinion. Plaintiff does not contest that if Illinois law

applies, Moorman bars Count II. Therefore, defendant's motion to dismiss Count II of the complaint is granted.[1]

DATE:      June 25, 2003

ENTER:     _____
           John F. Grady, United States District Judge

---

[1] In the last sentence of the Response, plaintiff requests "leave to re-plead Count II to state a claim for rescission under Illinois law predicated on Heidelberg's breach of its contractual warranties to Chicago Printing." If plaintiff does indeed wish to amend the complaint, it should file an appropriate motion.