# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3251 | **DATE** | 12/29/2003 |
| **CASE TITLE** | Chicago Printing Company v. Heidelberg USA, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for partial summary judgment on the issue of punitive damages is denied. Plaintiff's motions for sanctions under Rule 11 and 28 U.S.C. § 1927 are denied. ENTER MEMORANDUM OPINION & ORDER.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 31 2003 date docketed | 148 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 03 DEC 29 PM 10:01 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Chicago Printing Company,           )
                                    )
              Plaintiff,            )
                                    )   No. 01 C 3251
      v.                            )
                                    )   DEC 31 2003
Heidelberg USA, Inc.,               )
                                    )
              Defendant.            )

## MEMORANDUM OPINION & ORDER

The motion of the defendant for partial summary judgment on the issue of punitive damages is denied. The court has substantial doubt that the plaintiff will be able to make out a case for punitive damages, but the possibility is nonetheless sufficient to give us pause in regard to summary judgment. It will be better to await the developments at trial.

The court's primary concern is the corporate complicity doctrine. The basic misrepresentations made by Newlin, the salesman, concerning the condition and history of the press, were, as far as we can tell, not authorized by anyone in defendant's management. Nor does there appear to be evidence that anyone in defendant's management knew the misrepresentations were being made at or about the time they were made. We think, therefore, that corporate complicity will depend upon whether Newlin's misrepresentations were ratified by the later assurances given to plaintiff by defendant's managers. There is substantial merit to defendant's argument that these assurances were not

sufficiently related to the original misrepresentations to be considered ratification and that, moreover, they are more in the nature of puffery than factual representations.

We have less doubt about whether Newlin's misrepresentations are sufficiently grievous to support an award of punitive damages. Each side can find support in some of the decided cases, but we think the answer is not so clear as to authorize judgment for defendant as a matter of law.

Because there is a real possibility that we will enter judgment for defendant on punitive damages after all of the plaintiff's evidence on the issue has been heard, the parties are directed to avoid mentioning the issue of punitive damages in their opening statements to the jury.

Plaintiff's motions for sanctions under Rule 11 and 28 U.S.C. § 1927 are denied. The defendant's arguments are not unreasonable.

DATE: December 29, 2003

ENTER;  _____
John F. Grady, United States District Judge